UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROZELE EUGENE BOSTON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1257 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Rozele Eugene Boston's petition for a writ of habeas corpus, and Respondent Lorie Davis' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Respondent's motion should be granted and Boston's petition should be dismissed.

**I.    Background**

Boston is an inmate in the custody of the Texas Department of Criminal Justice. He was convicted in the 230th District Court of Harris County, Texas of burglary of a habitation and aggravated sexual assault. The trial court sentenced Boston to a 60 year term of imprisonment on the burglary charge, and an 80 year term on the sexual assault charge. Judgments, SH-01 (Doc. # 25-1), at 45-46; SH-02 (Doc. # 25-2), at 38-39.[1]

A Texas appellate court affirmed Boston's burglary conviction on October 10, 2002, *Boston v. State*, No. 14-01-01133-CR, 2002 WL 31425874 (Tex. App. – Houston [14th] Oct. 10, 2002, no pet.), and his sexual assault conviction on June 27, 2002, *Boston v. State*, No. 14-01-

---

[1]    "SH" refers to the records of Boston's state habeas corpus proceedings.

00811-CR, 2002 WL 1404733 (Tex. App. – Houston [14th] June 27, 2002, no pet.). Boston did not file a petition for discretionary review in either appeal. *See* Petition at 3.

On December 15, 2008, Boston filed two state habeas corpus applications. *See* SH-01, at 12; SH-02, at 11. The Texas Court of Criminal Appeals denied relief on both applications on March 11, 2009. SH-01 at Action Taken Sheet; SH-02 at Action Taken Sheet.

Boston filed another state habeas corpus application on November 10, 2014. SH-03 (Doc. # 25-4), at 13. The Court of Criminal Appeals dismissed this application as successive on January 13, 2016. SH-03 (Doc. # 25-3), at Action Taken sheet.

Boston filed this federal petition on April 30, 2016. Respondent moved to dismiss on January 24, 2018, arguing that the petition is barred by the statute of limitations. Boston did not respond to the motion.

**II.     Analysis**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Boston appealed his conviction, but did not seek discretionary review of the appellate court's decision. Therefore, the statute of limitations began to run on the date that Boston's time to seek discretionary review expired. Boston had 30 days to file a petition for discretionary review. Tex. R. App. P. 68.2(a). Therefore, the statute of limitations began to run on July 29,

2002 for the sexual assault conviction, and on November 11, 2002 on the burglary conviction.[2] In the absence of tolling, the AEDPA statute of limitations expired on July 29, 2003 for the sexual assault conviction, and November 11, 2003 for the burglary conviction.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Boston did not file his first state habeas corpus application until December 15, 2008. This was well over five years after the expiration of the AEDPA statute of limitations. There was therefore nothing left for his state applications to toll. Boston's federal petition, filed more than seven years after his first state application, is thus barred by the AEDPA statute of limitations.

### III. Certificate of Appealability

Boston has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

---

[2] The dates falling exactly 30 days after the Court of Appeals' decisions both fell on Saturday. Pursuant to Rule 4.1 of the Texas Rules of Appellate Procedure, Boston's petition was due by the following business day.

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that the petition is time-barred. Therefore, Boston has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

IV.  **Order**

For the foregoing reasons, it is ORDERED as follows:

1. Respondent Lorie Davis' Motion for Summary Judgment (Doc. # 24) is GRANTED;

2. Rozele Eugene Boston's Petition for Writ of Habeas Corpus (Doc. # 3) is DENIED and is DISMISSED WITH PREJUDICE;

3. All other pending motions are denied; and

4. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on this 3rd day of July, 2018.

                                                  Kenneth M. Hoyt
                                                  United States District Judge